IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Cedar Lane Technologies Inc.,**<br><br>Plaintiff,<br><br>v.<br><br>**123RF LLC,**<br><br>Defendant. | Case No. _____<br><br>Patent Case<br><br>Jury Trial Demanded |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cedar Lane Technologies Inc. ("Cedar Lane"), through its attorneys, complains of 123RF LLC ("123RF"), and alleges the following:

### PARTIES

1. Plaintiff Cedar Lane Technologies Inc. is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 560 Baker Street, Suite 1, Nelson, BC V1L 4H9.

2. Defendant 123RF LLC is a corporation organized and existing under the laws of California that maintains its principal place of business at 33 N DEARBORN ST, STE #1830, CHICAGO IL 60602.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District. In addition, Cedar Lane has suffered harm in this district.

## PATENTS-IN-SUIT

7. Cedar Lane is the assignee of all right, title and interest in United States Patent Nos. 6,972,774 (the "'774 Patent"); 7,324,689 (the "'689 Patent"); 8,073,250 (the "'250 Patent"); 7,088,855 (the "'855 Patent"); (collectively the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Cedar Lane possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

### The '774 Patent

8. The '774 Patent is entitled "Image processing system for inserting plurality of images into composite area, and medium," and issued 12/6/2005. The application leading to the '774 Patent was filed on 12/18/2000. A true and correct copy of the '774 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '774 Patent is valid and enforceable.

### The '689 Patent

10. The '689 Patent is entitled "Method and system for removal of red eye effects," and issued 1/29/2008. The application leading to the '689 Patent was filed on 7/5/2005. A true

and correct copy of the '689 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11. The '689 Patent is valid and enforceable.

### The '250 Patent

12. The '250 Patent is entitled "Method and system for removal of red eye effects," and issued 12/6/2011. The application leading to the '250 Patent was filed on 12/4/2007. A true and correct copy of the '250 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

13. The '250 Patent is valid and enforceable.

### The '855 Patent

14. The '855 Patent is entitled "Method and system for removal of red eye effects," and issued 8/8/2006. The application leading to the '855 Patent was filed on 1/22/2001. A true and correct copy of the '855 Patent is attached hereto as Exhibit 4 and incorporated herein by reference.

15. The '855 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '774 PATENT

16. Cedar Lane incorporates the above paragraphs herein by reference.

17. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '774 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least 123RF's Collage Tool (the "Exemplary 123RF Products") that infringe at least exemplary claims 1, 3-5 of the '774 Patent (the "Exemplary '774 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous

other devices that infringe the claims of the '774 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

18. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

19. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '774 Patent. On information and belief, Defendant has also continued to sell the Exemplary 123RF Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '774 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '774 Patent.

20. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '774 Patent, literally or by the doctrine of equivalence, by selling Exemplary 123RF Products to their customers for use in end-user products in a manner that infringes one or more claims of the '774 Patent.

21. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '774 Patent, literally or by the doctrine of equivalence, by selling Exemplary 123RF Products to their customers for use in end-user products in a manner that infringes one or more claims of the '774 Patent.

22. Exhibit 5 includes charts comparing the Exemplary '774 Patent Claims to the Exemplary 123RF Products. As set forth in these charts, the Exemplary 123RF Products practice

the technology claimed by the '774 Patent. Accordingly, the Exemplary 123RF Products incorporated in these charts satisfy all elements of the Exemplary '774 Patent Claims.

23. Cedar Lane therefore incorporates by reference in its allegations herein the claim charts of Exhibit 5.

24. Cedar Lane is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 2: INFRINGEMENT OF THE '689 PATENT

25. Cedar Lane incorporates the above paragraphs herein by reference.

26. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '689 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least Picmonkey's Red-eye Remover Tool (also among the "Exemplary Picmonkey Products") that infringe at least exemplary claims 11 of the '689 Patent (the "Exemplary '689 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '689 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

27. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

28. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '689 Patent. On information and belief, Defendant has also continued to sell the Exemplary 123RF Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '689 Patent. Thus, on

5

information and belief, Defendant is contributing to and/or inducing the infringement of the '689 Patent.

29. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '689 Patent, literally or by the doctrine of equivalence, by selling Exemplary 123RF Products to their customers for use in end-user products in a manner that infringes one or more claims of the '689 Patent.

30. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '689 Patent, literally or by the doctrine of equivalence, by selling Exemplary 123RF Products to their customers for use in end-user products in a manner that infringes one or more claims of the '689 Patent.

31. Exhibit 6 includes charts comparing the Exemplary '689 Patent Claims to the Exemplary 123RF Products. As set forth in these charts, the Exemplary 123RF Products practice the technology claimed by the '689 Patent. Accordingly, the Exemplary 123RF Products incorporated in these charts satisfy all elements of the Exemplary '689 Patent Claims.

32. Cedar Lane therefore incorporates by reference in its allegations herein the claim charts of Exhibit 6.

33. Cedar Lane is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 3: INFRINGEMENT OF THE '250 PATENT

34. Cedar Lane incorporates the above paragraphs herein by reference.

35. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '250 Patent in at least this District by making, using, offering to sell, selling

and/or importing, without limitation, at least Picmonkey's Red-eye Remover Tool (also among the "Exemplary Picmonkey Products") that infringe at least exemplary claims 1 of the '250 Patent (the "Exemplary '250 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '250 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

36. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

37. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '250 Patent. On information and belief, Defendant has also continued to sell the Exemplary 123RF Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '250 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '250 Patent.

38. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '250 Patent, literally or by the doctrine of equivalence, by selling Exemplary 123RF Products to their customers for use in end-user products in a manner that infringes one or more claims of the '250 Patent.

39. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '250 Patent, literally or by the doctrine of equivalence, by selling Exemplary 123RF Products to their customers for use in end-user products in a manner that infringes one or more claims of the '250 Patent.

40. Exhibit 7 includes charts comparing the Exemplary '250 Patent Claims to the Exemplary 123RF Products. As set forth in these charts, the Exemplary 123RF Products practice the technology claimed by the '250 Patent. Accordingly, the Exemplary 123RF Products incorporated in these charts satisfy all elements of the Exemplary '250 Patent Claims.

41. Cedar Lane therefore incorporates by reference in its allegations herein the claim charts of Exhibit 7.

42. Cedar Lane is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 4: INFRINGEMENT OF THE '855 PATENT

43. Cedar Lane incorporates the above paragraphs herein by reference.

44. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '855 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least Picmonkey's Red-eye Remover Tool (also among the "Exemplary Picmonkey Products") that infringe at least exemplary claims 1 of the '855 Patent (the "Exemplary '855 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '855 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

45. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

46. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '855 Patent. On information and belief, Defendant has also continued to sell the Exemplary 123RF Products and distribute product literature and website materials inducing end users and others to use its

products in the customary and intended manner that infringes the '855 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '855 Patent.

47. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '855 Patent, literally or by the doctrine of equivalence, by selling Exemplary 123RF Products to their customers for use in end-user products in a manner that infringes one or more claims of the '855 Patent.

48. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '855 Patent, literally or by the doctrine of equivalence, by selling Exemplary 123RF Products to their customers for use in end-user products in a manner that infringes one or more claims of the '855 Patent.

49. Exhibit 8 includes charts comparing the Exemplary '855 Patent Claims to the Exemplary 123RF Products. As set forth in these charts, the Exemplary 123RF Products practice the technology claimed by the '855 Patent. Accordingly, the Exemplary 123RF Products incorporated in these charts satisfy all elements of the Exemplary '855 Patent Claims.

50. Cedar Lane therefore incorporates by reference in its allegations herein the claim charts of Exhibit 8.

51. Cedar Lane is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

52. Under Rule 38(b) of the Federal Rules of Civil Procedure, Cedar Lane respectfully requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Cedar Lane respectfully requests the following relief:

    A.    A judgment that the '774 Patent is valid and enforceable;

    B.    A judgment that the '689 Patent is valid and enforceable;

    C.    A judgment that the '250 Patent is valid and enforceable;

    D.    A judgment that the '855 Patent is valid and enforceable;

    E.    A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '774 Patent;

    F.    A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '689 Patent;

    G.    A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '250 Patent;

    H.    A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '855 Patent;

    I.    An accounting of all damages not presented at trial;

    J.    A judgment that awards Cedar Lane all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Cedar Lane for Defendant's infringement, an accounting:

i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Cedar Lane be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

ii. that Cedar Lane be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that Cedar Lane be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: June 7, 2019      Respectfully submitted,

*/s/ Isaac Rabicoff*
Isaac Rabicoff
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Cedar Lane Technologies Inc.**